

# Notice of Service of Process

null / ALL
**Transmittal Number: 18283476**
**Date Processed: 06/11/2018**

**Primary Contact:**

New Penn Financial, LLC
4000 Chemical Rd
Ste 200
Plymouth Meeting, PA 19462-1708

**Electronic copy provided to:**

| | |
|---|---|
| **Entity:** | New Penn Financial, LLC |
| | Entity ID Number |
| **Entity Served:** | New Penn Financial, LLC |
| **Title of Action:** | Lisa Hynes vs. The Bank of New York, Mellon fka The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc. Asset Backed Certificates Series 2007-13 |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Rockingham County Superior Court, New Hampshire |
| **Case/Reference No:** | 218-2018-CV-00609 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 06/08/2018 |
| **Answer or Appearance Due:** | 06/14/2018 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Patricia L. DiMeo |
| | Not Shown |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Delaware.gov

Governor | General Assembly | Courts | Elected Officials | State Agencies

*C52*

**Department of State: Division of Corporations**

Allowable Characters

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

Loading...

| Entity Details |
| --- |

THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
| --- | --- | --- | --- |
| File Number: | 4336363 | Incorporation Date / Formation Date: | 4/18/2007 (mm/dd/yyyy) |
| Entity Name: | NEW PENN FINANCIAL, LLC | | |
| Entity Kind: | Limited Liability Company | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| | | | |
| --- | --- | --- | --- |
| Name: | CORPORATION SERVICE COMPANY | | |
| Address: | 251 LITTLE FALLS DRIVE | | |
| City: | WILMINGTON | County: | New Castle |
| State: | DE | Postal Code: | 19808 |
| Phone: | 302-636-5401 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information [ Submit ]

[ Back to Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us



## SUMMONS
## EX PARTE ORDER MADE; HEARING SCHEDULED

Case Name: **Lisa Hynes, et al v The Bank of New York, Mellon fka The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc. Asset Backed**
Case Numbers: **218-2018-CV-00609**

Date Complaint Filed: June 07, 2018

A Complaint has been filed against New Penn Financial, LLC; The Bank of New York, Mellon fka The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc. Asset Backed Certificate Series 2007-13 in this Court. An Order has already been made by the Court that affects New Penn Financial, LLC; The Bank of New York, Mellon fka The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc. Asset Backed Certificate Series 2007-13. Copies of the Order and Complaint are attached.

This Court has scheduled the following: **Temporary Hearing**

**Date: June 14, 2018**          **Rockingham Cty Courthouse**
**Time: 9:00 AM**                **10 Rte 125**
**Time Allotted: 15 Minutes**    **Location: Brentwood**

If more time is needed for this hearing, contact the Court immediately.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| June 12, 2018 | Lisa Hynes; Samuel Hynes shall have this Summons and the attached Complaint served upon New Penn Financial, LLC; The Bank of New York, Mellon fka The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc. Asset Backed Certificate Series 2007-13 in a manner allowed by law. |
| June 14, 2018 | Lisa Hynes; Samuel Hynes shall file the return of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| June 14, 2018 | New Penn Financial, LLC; The Bank of New York, Mellon fka The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc. Asset Backed Certificate Series 2007-13 shall file an Appearance with this Court. A copy of the Appearance must be sent to the party listed below and any other party who has filed an Appearance in this matter. |
| 30 days after service | New Penn Financial, LLC; The Bank of New York, Mellon fka The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc. Asset Backed Certificate Series 2007-13 must file an Answer or other response with this Court. A copy of the Answer or other response must be sent to the party listed below and any other party who has filed an Appearance in this matter. |

**Notice to New Penn Financial, LLC; The Bank of New York, Mellon fka The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc. Asset Backed Certificate Series 2007-13:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

Send copies to:
  Patricia L. DiMeo, ESQ          DiMeo Law PC PO Box 370 East Derry NH  03041

                                               BY ORDER OF THE COURT

June 07, 2018                                  Maureen F. O'Neil
                                               Clerk of Court

(504)

NHJB-2694-S (04/10/2015)

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS                                        SUPERIOR COURT

LISA HYNES AND SAMUEL HYNES

V.

THE BANK OF NEW YORK, MELLLON FKA THE BANK OF NEW YORK, AS
TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWABS, INC. ASSET BACKED
CERTIFICATE SERIES 2007-13
And

NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING

## COMPLAINT

## PLAINTIFFS REQUEST A TRIAL BY JURY

## JURISDICTION

1. Lisa Hynes and Samuel Hynes, Plaintiffs, reside at 54 Fieldstone Drive, Town of

   Londonderry, County of Rockingham, State of New Hampshire;

2. Defendant, The Bank of New York, Mellon fka The Bank of New York, as Trustee

   For The Certificate Holders of CWABS, Inc. Asset Backed Certificate Series 2007-

   13, hereinafter referred to as BNY Mellon has a principal place of business

   located at 225 Liberty Street, New York, New York 10286 and doing business in

   the State of New Hampshire;

3. Defendant, New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing,

   hereinafter referred to as Shellpoint, is a limited liability corporation,

   incorporated in Delaware, with a principal place of business at PO Box 10826,

Greenville, South Carolina 29603-0826 and doing business in the State of New Hampshire;

## FACTS

4. Plaintiff Samuel Hynes, entered into a contract with Countywide Home Loans, Inc. on or about July 17, 2007 for a principal amount of $115,000.00 and executed a note and mortgage to Countrywide Home Loans, Inc.;

5. Plaintiff Lisa Hynes, as Samuel Hynes wife, also executed the Mortgage to Countrywide Home Loans, Inc.;

6. Said mortgage was subsequently assigned to Mortgage Electronic Registration Systems, Inc., then to Bank of America who then assigned the mortgage to Defendant BNY Mellon;

7. Plaintiffs are unclear whether Defendant Shellpoint is a further assignee, or nominee of BNY Mellon but clearly has and continues to act as its agent;

8. In or about May 2017, plaintiffs were notified by Shellpoint that the mortgage was 60 days late and the mortgagor could complete a Borrower's Response Package;

9. Plaintiffs completed and forwarded the information, by certified mail, as requested to Shellpoint;

10. Shellpoint acknowledged receipt of the package;

11. Plaintiffs were informed more information was needed on July 11, 2017 which was promptly sent to Shellpoint;

12. The next communication received by Plaintiffs was a letter of September 25, 2017, from Attorney Marc Van Santan, informing Plaintiffs of Defendants intent to immediately begin foreclosure proceedings;

13. Plaintiffs immediately contacted Shellpoint and, for the first time, were told there was still information needed but now, the process had to be restarted because the information was "too old";

14. Shortly thereafter, Plaintiff Samuel Hynes became very ill and was hospitalized in the local Intensive Care Unit;

15. This illness delayed the paperwork to Shellpoint;

16. On or about November 6, 2017, Plaintiffs received a Notice of Foreclosure for December 27, 2017

17. Upon receiving the Notice, Plaintiffs contacted Shellpoint, specifically Anthony Contaste, to obtain the balance necessary to reinstate the mortgage and was informed it would take 3-5 business days;

18. On or about December 7, 2017, Plaintiff Lisa Hynes again spoke with Anthony Contaste, at which time she again asked for the amount to reinstate the loan and asked that he fax her the total amount owed;

19. Plaintiff never received a fax or any written documentation of the amount necessary to reinstate the loan;

20. On or about December 7, 2017, Plaintiffs retained a loss mitigation specialist, Douglas Mesquita, to assist them in this matter;

21. On or about December 8, 2017, a new application for mortgage assistance was reopened with Shellpoint by Mesquita on the Plaintiffs behalf;

22. Pursuant to the procedure at Shellpoint, the "package" must be received at least 15 days prior to the scheduled foreclosure date which was December 27, 2017;

23. Mesquita had almost daily contact with Shellpoint to assure it had all the documents necessary;

24. By December 12, 2017, Shellpoint, through Anthony Contaste, confirmed receipt of all necessary loan modifications;

25. Mesquita continued to contact Shellpoint on an almost daily basis;

26. On or about December 19, 2017, H. Smith of Shellpoint informed him another document was needed.

27. The document was immediately faxed to H. Smith who acknowledged receipt;

28. On December 26, 2017, Mesquita again spoke to Shellpoint, Shante Abdul Malik who asked him to correct some things which was immediately done and faxed to Malik;

29. Malik then informed Mesquita that the file was complete and that it had been forwarded to underwriting for approval;

30. More importantly, Malik assured him that the Request for Postponement had been submitted and the Foreclosure scheduled for the next day would not take place;

31. On December 27, 2017, the foreclosure auction on Plaintiffs home took place and was purchased by Defendants;

32. Attempts to discuss this matter with Shellpoint after the foreclosure having resulted in having the Plaintiffs contact Shellpoint's attorney to attempt to resolve this matter;

33. At least four attempts have been made to Shellpoint's attorney with no response;

34. Plaintiffs have made all reasonable attempts to resolve this issue, including but not limited to bringing the loan up to date;

35. All of Plaintiffs' efforts have been thwarted by Shellpoint;

## COUNT I

36. Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 35 with the same force and effect as if fully set forth herein;

37. Defendants actions constitute unfair and deceptive lending practices;

38. As a result of Defendants' actions, Plaintiffs were caused severe damages, including but not limited to the loss of their home of over thirty years.

## COUNT II

39. Plaintiffs repeat and reallege paragraphs 1-37 with the same force and effect as if fully set forth herein;

40. Plaintiffs relied on the representations of Defendants that the foreclosure would be postponed;

41. In their detrimental reliance on Defendants' representations, plaintiffs did not take any legal action to enjoin the foreclosure;

42. As a result of Defendants negligent misrepresentations, thereby causing Plaintiffs not to take immediate legal action, Plaintiffs home was foreclosed upon, all to their damage as alleged;

43. As a result of Defendants' negligence, Plaintiffs were caused severe damages, including but not limited to the loss of their home of over thirty years.

## COUNT III

44. Plaintiffs repeat and reallege paragraphs 1-42 with the same force and effect as if fully set forth herein;

45. Plaintiffs, after receiving Notice of the Foreclosure, contacted the Defendants to determine the amount necessary to pay to bring the loan up to date;

46. Plaintiffs requested Defendants give Plaintiffs  the exact amount necessary to be paid in writing  and gave Defendants their fax number to do so;

47. Although Defendants assured Plaintiffs the amount would be forthcoming, Defendants failed and neglected to notify said Plaintiffs of the amount of money requested;

48. As a result of Defendants failure to notify Plaintiffs of the amount necessary to bring the loan up to date, Plaintiffs were unable to pay said amount and proceeded with the foreclosure;

49. As a result of Defendants' negligence, Plaintiffs were caused irreparable harm and severe damages, including but not limited to the loss of their home of over thirty years.

## COUNT IV

50. Plaintiffs repeat and reallege paragraphs 1-42 with the same force and effect as if fully set forth herein;

51. Defendants failed to inform the Plaintiffs of the amount of money due to bring the loan up to date;

52. Defendants failure to do so constitutes a breach of the contract entered into with Plaintiffs;

53. As a result of Defendants breach of contract, Plaintiffs were caused to sustain damages, including but not limited to the loss of their home;

WHEREFORE, Plaintiffs demand judgment as follows:

a. Enter Judgement for the Plaintiffs in an amount within the jurisdictional limits of the Court;

b. To enjoin Defendants from disposing, selling or encumbering of the real estate located at 54 Fieldstone Drive, Londonderry, New Hampshire;

c. For such other relief as may be just.

Respectfully submitted
Lisa Hynes and Samuel Hynes

Samuel Hynes

Lisa Hynes

State of NH
Rockingham, ss

Personally appeared before me, Lisa Hynes and Samuel Hynes, both known to me, and acknowledged the above facts to be true to best of their knowledge and belief, this 31 day of May 2018.

Notary Public/Justice of the Peace

June 6, 2018

Respectfully submitted
Plaintiffs
By and through their attorney

PATRICIA L. DiMEO, Notary Public
State of New Hampshire
My Commission Expires May 18, 2021

Patricia L. DiMeo, Attorney
PO Box 370
East Derry, New Hampshire 03041
Bar # 2116

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS                                         SUPERIOR COURT

LISA HYNES AND SAMUEL HYNES

V.

THE BANK OF NEW YORK, MELLLON FKA THE BANK OF NEW YORK, AS
TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWABS, INC. ASSET BACKED
CERTIFICATE SERIES 2007-13
And

NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING

## EX PARTE MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

NOW COME Samuel Hynes and Lisa Hynes, Plaintiffs and move this Honorable Court

to issue a Preliminary Injunction pending a final order on the merits on the underlying

Complaint.  As grounds therefore. Plaintiffs state as follows:

1. Lisa Hynes and Samuel Hynes, Plaintiffs, reside at 54 Fieldstone Drive, Town of

   Londonderry, County of Rockingham, State of New Hampshire;

2. Defendant, The Bank of New York, Mellon fka The Bank of New York, as Trustee

   For The Certificate Holders of CWABS, Inc. Asset Backed Certificate Series 2007-

   13, hereinafter referred to as BNY Mellon has a principal place of business

   located at 225 Liberty Street, New York, New York 10286 and doing business in

   the State of New Hampshire;

3. Defendant, New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, hereinafter referred to as Shellpoint, is a limited liability corporation, incorporated in Delaware, with a principal place of business at PO Box 10826, Greenville, South Carolina 29603-0826 and doing business in the State of New Hampshire;

4. On or about May 2017, plaintiffs were notified by Shellpoint that the mortgage was 60 days late and the mortgagor could complete a Borrower's Response Package;

5. Plaintiffs completed and forwarded the information, by certified mail, as requested to Shellpoint;

6. Shellpoint acknowledged receipt of the package;

7. Plaintiffs were informed more information was needed on July 11, 2017 which was promptly sent to Shellpoint;

8. The next communication received by Plaintiffs was a letter of September 25, 2017, from Attorney Marc Van Santan, informing Plaintiff's of Defendants intent to immediately begin foreclosure proceedings;

9. Plaintiffs immediately contacted Shellpoint and, for the first time, were told there was still information needed but now, the process had to be restarted because the original information was "too old";

10. Shortly thereafter, Plaintiff Samuel Hynes became very ill and was hospitalized in the local Intensive Care Unit;

11. This illness delayed the paperwork to Shellpoint;

12. On or about November 6, 2017, Plaintiffs received a Notice of Foreclosure for December 27, 2017

13. Upon receiving the Notice, Plaintiffs contacted Shellpoint, specifically Anthony Contaste, to obtain the balance necessary to reinstate the mortgage and was informed it would take 3-5 business days;

14. On or about December 7, 2017, Plaintiff Lisa Hynes again spoke with Anthony Contaste, at which time she again asked for the amount to reinstate the loan and asked that he fax her the total amount owed;

15. Plaintiff never received a fax or any written documentation of the amount necessary to reinstate the loan;

16. On or about December 7, 2017, Plaintiffs retained a loss mitigation specialist, Douglas Mesquita, to assist them in this matter;

17. On or about December 8, 2017, a new application for mortgage assistance was reopened with Shellpoint by Mesquita on the Plaintiffs behalf;

18. Pursuant to the procedure at Shellpoint, the "package" must be received at least 15 days prior to the scheduled foreclosure date which was December 27, 2017;

19. Mesquita had almost daily contact with Shellpoint to assure it had all the documents necessary;

20. By December 12, 2017, Shellpoint, through Anthony Contaste, confirmed receipt of all necessary loan modification documents;

21. Mesquita continued to contact Shellpoint on an almost daily basis;

22. On or about December 19, 2017, H. Smith of Shellpoint informed him another document was needed.

23. The document was immediately faxed to H. Smith who acknowledged receipt;

24. On December 26, 2017, Mesquita again spoke to Shellpoint, Shante Abdul Malik who asked him to correct some things which was immediately done and faxed to Malik;

25. Malik then informed Mesquita that the file was complete and that it had been forwarded to underwriting for approval;

26. More importantly, Malik assured him that the Request for Postponement had been submitted and the Foreclosure scheduled for the next day would not take place;

27. On December 27, 2017, the foreclosure auction on Plaintiffs home took place and was purchased by Defendants;

28. Attempts to discuss this matter with Shellpoint after the foreclosure resulted in Shellpoint informing the Plaintiffs, through their attorney, to contact Shellpoint's attorney to attempt to resolve this matter;

29. At least four attempts have been made to Shellpoint's attorney with no response;

30. Plaintiffs have made all reasonable attempts to resolve this issue, including but not limited to bringing the loan up to date;

31. All of Plaintiffs efforts have been thwarted by Shellpoint;

32. The property is now listed for an online auction;

33. The Plaintiffs will suffer irreparable harm if Defendants' sell Plaintiffs home of more than thirty years, if the Court does not grant injunctive relief;

34. There is no adequate remedy at law to protect Plaintiffs' interests pending a final order on the merits of the complaint;

35. There is a strong likelihood Plaintiffs will prevail at trial;

36. The potential harm to the Plaintiffs outweighs any potential harm to Defendants.


WHEREFORE, Plaintiffs request this Honorable Court enter the following Orders:

a. Enjoin the Defendants from transferring, selling and/or disposing of the condominium located at 54 Fieldstone Drive, Londonderry, New Hampshire;

b. Order Defendant to evaluate a loan modification application presented by Plaintiffs;

Respectfully submitted
Lisa Hynes and Samuel Hynes

Samuel Hynes

Lisa Hynes

State of NH
Rockingham, ss

Personally appeared before me, Lisa Hynes and Samuel Hynes, both known to me, and acknowledged the above facts to be true to best of their knowledge and belief, this 31st day of May 2018.

Notary Public/Justice of the Peace

Respectfully submitted
Plaintiffs
By and through their attorney

Patricia L. DiMeo, Attorney
PO Box 370
East Derry, New Hampshire 03041

Bar $ 2116

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM COUNTY                                    SUPERIOR COURT

DKT. NO. 18-CV-609

Lisa Hynes and Samuel Hynes

v.

The Bank of New York, Mellon, et al.

ORDER ON REQUEST FOR EX PARTE
INJUNCTIVE RELIEF

After a review of the allegations in the Complaint filed by the Plaintiff(s), the Court makes the following Order:

☑ The ex parte temporary relief requested in the Complaint is **GRANTED**. The Court finds Plaintiff (s) has established immediate and irreparable injury, loss or damage will result to the Plaintiff(s) if ex parte relief is not granted. A hearing on this ex parte order shall be scheduled within 10 days with notice to the Defendant(s). Plaintiff(s) shall serve the Defendant(s) as required in the Summons issued by the Clerk.

☐ The Proposed Order submitted by the Plaintiff(s) is **APPROVED**. See attached.

☐ The Court **DENIES** the request for ex parte temporary relief at this time. The Clerk shall schedule a hearing on the request for temporary relief within 10 days with notice to the Defendant(s). Plaintiff(s) shall serve the Defendant(s) as required in the Summons issued by the Clerk.

☐ The request for ex parte temporary relief is **DENIED**. It does not appear immediate and irreparable injury, loss or damage will result to the Plaintiff(s) if ex parte relief is not granted.

☑ Other: Defendants are enjoined from transfering, selling or disposing of the condominium or issue at 54 Fieldstone Drive in Londonderry until further order of this Court.

SO ORDERED.

_____6-7-18_____        ___12:57 p.m.___        _____
Date                              Time                              Presiding Justice
                                                                          DAVID A. ANDERSON

9/23/16

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

**Patricia L. DiMeo, ESQ**
**DiMeo Law PC**
**PO Box 370**
**East Derry NH  03041**

Case Name: **Lisa Hynes, et al v The Bank of New York, Mellon fka The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc. Asset Backed Certifcate**
Case Number: **218-2018-CV-00609**

Enclosed please find a copy of the court's order of June 07, 2018 relative to:

Order on Request for Exparte Injunctive Relief

June 07, 2018

Maureen F. O'Neil
Clerk of Court

(504)

C:

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM COUNTY                                    SUPERIOR COURT

DKT. NO. _18-CV-609_

_Lisa Hynes and Samuel Hynes_

v.

_The Bank of New York, Mellon, et al._

ORDER ON REQUEST FOR EX PARTE
INJUNCTIVE RELIEF

After a review of the allegations in the Complaint filed by the Plaintiff(s), the Court makes the following Order:

☑ The ex parte temporary relief requested in the Complaint is **GRANTED**. The Court finds Plaintiff (s) has established immediate and irreparable injury, loss or damage will result to the Plaintiff(s) if ex parte relief is not granted. A hearing on this ex parte order shall be scheduled within 10 days with notice to the Defendant(s). Plaintiff(s) shall serve the Defendant(s) as required in the Summons issued by the Clerk.

☐ The Proposed Order submitted by the Plaintiff(s) is **APPROVED**. See attached.

☐ The Court **DENIES** the request for ex parte temporary relief at this time. The Clerk shall schedule a hearing on the request for temporary relief within 10 days with notice to the Defendant(s). Plaintiff(s) shall serve the Defendant(s) as required in the Summons issued by the Clerk.

☐ The request for ex parte temporary relief is **DENIED**. It does not appear immediate and irreparable injury, loss or damage will result to the Plaintiff(s) if ex parte relief is not granted.

☑ Other: _Defendants are enjoined from transferring, selling or disposing of the condominium or issue at 54 Fieldstone Drive in Londonderry until further order of this Court._

SO ORDERED.

_6-7-18_                _12:57 p.m._                _____
Date                    Time                        Presiding Justice
                                                    DAVID A. ANDERSON

9/23/16